**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2023
```

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

Melanie York,

      Plaintiff,

    -against-

Holy Name of Mary Catholic School;
Catholic Guardians; City of New York; and
New York Office of Child and Family
Services,

      Defendants.

Civil Action No. 1:23-cv-05972-VEC

**NOTICE OF MOTION TO REMAND**

---

**PLEASE TAKE NOTICE**, that upon the annexed Memorandum of Law dated August 11, 2023, the annexed exhibits, and all prior pleadings and proceedings had herein, Plaintiff MELANIE YORK will move this Court, at a date and time directed by this Court, for an Order pursuant to 28 U.S.C. §§ 1334(c)(1), 1334 (c)(2), 1446(d), and 1452(b): (i) remanding this instant action back to the Supreme Court of the State of New York, County of New York, based upon a lack of subject matter jurisdiction; (ii) awarding Plaintiff attorneys' fees and costs for this motion; and (iii) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 6.1, any opposing affidavits and answering memoranda shall be served within fourteen (14) days after

[This Space is Intentionally Left Blank]

service of these moving papers, and any reply affidavits and memoranda of law shall be served within seven (7) days after service of any answering papers.

Dated: New York, NY
       August 11, 2023

**THE ZALKIN LAW FIRM, P.C.**

*Elizabeth A. Cate*
ELIZABETH A. CATE, Esq.
*Attorney(s) for Plaintiff Melanie York*
10 Times Square
1441 Broadway, Suite 3147
New York, NY 10018

Elizabeth@zalkin.com

---

As stated in the Court's August 4, 2023, Order, this case has been transferred to the United States Bankruptcy Court for the Southern District of New York.  *See* Dkt. 7.  The case before the United States District Court for the Southern District of New York is closed.  All applications must be made to the Bankruptcy Court.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 9.

SO ORDERED.

*[signature: Valerie Caproni]*            08/14/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Melanie York,<br><br>    Plaintiff,<br><br>  -against-<br><br>Holy Name of Mary Catholic School; Catholic Guardians; City of New York; and New York Office of Child and Family Services,<br><br>    Defendants. | Civil Action No. 1:23-cv-05972-VEC |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR REMAND**

**THE ZALKIN LAW FIRM, P.C.**
ELIZABETH A. CATE, Esq.
*Attorney(s) for Plaintiff Melanie York*
10 Times Square
1441 Broadway, Suite 3147
New York, NY 10018
Elizabeth@zalkin.com

ii

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY....................................................... 3

ARGUMENT .................................................................................................................................. 5

    I.     The Court is Required to Abstain ................................................................................. 5

    II.    Court Should Remand the State Court Action Under the Doctrines of Permissive Abstention and Equitable Remand............................................................................... 7

    III.   The Court Should Remand This Matter Back To State Court Because Defendant's Attempt to Remove It Was Procedurally Defective ......................................................... 10

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

*Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*,
    337 B.R. 22 (S.D.N.Y. 2005)……………………………………………...…….n.4 at 5

*Fried v. Lehman Bros. Real Estate Assocs. Ill, L.P.*,
    496 B.R. 706 (Bankr. S.D.N .Y. 2013)………………….……...…………n.4 at 5

*In re George Wash. Bridge Bus Station Dev. Venture LLC*,
    2022 Bankr. LEXIS 1488 (Bankr. S.D.N.Y. 2022)……………………………….n.19 at 8

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
    488 F.3d 112, 124 (2d Cir. 2007)………………………………………………10

*Jackson v. City of New Orleans*,
    1995 WL 599046 (E.D. La. Oct. 10, 1995)………………………………...………….10

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*,
    2004 U.S. Dist. LEXIS 8168 (S.D.N.Y. May 6, 2004)………………….…....…….n.23 at 9

*LG 37 Doe v. Nail*,
    2021 U.S. Dist. LEXIS 9838 (W.D.N.Y. Jan. 19, 2021)………………....…nn.21, 22 at 9

*Libertas Funding, LLC v. ACM Dev., LLC*,
    2022 U.S. Dist. LEXIS 184214 (E.D.N.Y. Oct. 7, 2022)……………..…….…passim

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
    639 F.3d 572 (2d Cir. 2011)……………………………………………..…….n.6 at 5

*Sealink Funding Ltd. v. Bear Stearns & Co. Inc.*,
    2012 WL 4794450 (S.D.N.Y. Oct. 9, 2012)……………………………..……..n.19 at 9

*Universal Well Servs. v. Avoca Nat. Gas Storage*,
    222 B.R. 26 (W.D.N.Y. 1998)……………………………………………..…….n. 19 at 9

*Worldview Ent. Holdings, Inc. v. Woodrow*,
    611 B.R. 10 (S.D.N.Y. 2019)…………..…………………………….………..n.17 at 8

**Statutes:**

28 U.S.C. § 1334……………………………………………………………………….passim

28 U.S.C. § 1446(d)……………………………………………………………………..2, 4, 10

28 U.S.C. § 1452(b)………………………………………………………………………8

28 U.S.C. § 157……………………………………………………………………..n.3 at 5

New York Civil Practice Laws and Rules § 214-g…………………………………………….3

Case 1:23-cv-05972-VEC   Document 11   Filed 08/14/23   Page 6 of 17

**PRELIMINARY STATEMENT**

Plaintiff MELANIE YORK ("Plaintiff") moves this Court to remand the instant action back to the Supreme Court of the State of New York, New York County (the "State Court"), where this case was originally filed pursuant to the enactment of the New York Child Victims' Act (the "CVA"), on the grounds that Defendant HOLY NAME OF MARY CATHOLIC SCHOOL's ("Holy Name of Mary") Notice of Removal, which relies upon 28 U.S.C. §§ 1334(b), is improper because neither its claims for potential indemnification or contribution against the Roman Catholic Diocese of Rockville Centre (the "Diocese" or "Debtor"), nor the potential implication of shared insurance policies as well as the purported risk of *res judicata* with respect to the Proof of Claim, support "related to" jurisdiction. A true and correct copy of Defendant Holy Name of Mary's Notice of Removal dated July 12, 2023, is annexed hereto as Exhibit "1". In fact, Chief Judge Martin Glenn has already explicitly held that none of the bases for removal that Defendant Holy Name of Mary claims here have any merit whatsoever. Specifically, Judge Glenn held that the State Court Actions did not expose the Debtor's Estate to claims for indemnity or contribution by the defendants, nor did they deprive the Debtor's Estate of its shared insurance policies, and they did not create any risk whatsoever or res judicata or collateral estoppel because the Debtor is not a party to this action. Even though these claims have already been rejected by Judge Glenn, defendants in these cases do not, at the heart of it, want to see these cases go forward in state court. The defendants in these cases will stop at nothing to delay these child sexual abuse survivors from having their day in Court, as the New York legislature made possible with the CVA.

Further, there is no basis for federal question jurisdiction as all of Plaintiff's claims are of the state law variety. The defendants in these cases have made clear that they intend to remove all 228 cases to the Eastern District of New York that were recently freed from the preliminary injunction that were filed in state court if it is allowed here. That should not be permitted.

Defendants have claimed that removal to this Court is appropriate because the action is "related to" the Diocese's ongoing bankruptcy case. However, the Diocese is not a defendant in this case. Additionally, the same arguments that Defendant Holy Name of Mary now allege support

1

"related to" jurisdiction were also made in the bankruptcy matter of *In re the Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y. 2023) to support the request for a preliminary injunction of this and other similar actions and were rejected by Judge Glenn on June 1, 2023. A true and correct copy of Judge Glenn's Decision and Order dated June 1, 2023, is annexed hereto as Exhibit "2."

Indeed, less than a month ago, Judge Glenn explicitly held that "the Court believes it is time to permit the plaintiffs to move forward with their State Court Actions" and that "[t]he public interest is best served with both of these considerations in mind. Because the Court has concluded that allowing the State Court Actions to proceed will not necessarily endanger the chances of a successful reorganization, the Court concludes that both of these aims, and thus the public interest, are best served by allowing the State Court Actions to proceed." *See* Exhibit 2 at 66 and 70 (emphasis added).

Furthermore, even if this Court were to find that it has "related to" jurisdiction over the State Court Action—which Plaintiff contends that it does not—it must still exercise mandatory abstention and remand this matter back to State Court because: (1) it was commended in state court; (2) it is based entirely on state law claims; (3) it can be timely adjudicated in state court; (4) it does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code; and (5) the sole basis for federal jurisdiction over it is 28 U.S.C. §§ 1334.

Finally, Defendant's attempt to remove this action was procedurally defective. 28 U.S.C. § 1446(d) <u>required</u> Defendant to promptly provide written notice to Plaintiff, and the state court, of the removal. To date, thirty (30) days after the notice of removal was filed, Defendant has failed to do either. These failures alone mandate remand.

As such, and as more fully set forth herein, it is respectfully requested that Plaintiff's Motion to Remand the instant action back to the Supreme Court of the State of New York, New York County, be granted in its entirety, together with such other and further relief as this Court deems just and proper.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This action arises pursuant to the CVA (CPLR § 214-g), which seeks redress for the violent sexual abuse Plaintiff endured at the hands of her foster family members for over a decade. Plaintiff commenced her action in New York Supreme Court, New York County by filing of the Summons and Verified Complaint on August 10, 2021, against Defendants Catholic Guardians, Holy Name of Mary Catholic School, City of New York, and New York Office of Children and Family Services (collectively the "Defendants"), under Index No. 951159/2021 (the "State Court Action"). A true and correct copy of Plaintiff's Summons and Verified Complaint is annexed hereto as Exhibit "3."

The State Court Action was stayed on October 18, 2021, pursuant to the *Notice of Filing of Eighth Amended Schedule 1 to Consent Order*, Case No. 20-01226 (Bankr. S.D.N.Y.) [Adv. Pro. Docket No. 100, Ex. A at 12] filed in furtherance to the *Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Adv. Pro. Docket No. 59] ("Consent Order"). A true and correct copy of the *Notice of Filing of Eighth Amended Schedule 1 to Consent Order* is annexed hereto as Exhibit "4." However, the Bankruptcy Court recently ruled on June 1, 2023, that it is not and therefore, this action would be litigated in state court. *See* Exhibit 2.

In spite of that decision, on July 12, 2023, Defendant Holy Name of Mary filed a Notice of Removal to United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1334(b). *See* Exhibit 1 at ¶ 8. Defendant Holy Name of Mary did not serve Plaintiff with the Notice of Removal, nor did they file the Notice of Removal on the state court docket or otherwise provide notice to the state court. Plaintiff only learned of the removal because on July 13, 2023, the case was transferred out from S.D.N.Y. to the Southern District of United States Bankruptcy Court under Case No. 23-01140-mg as an adversary case to *In re Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345, (a true and correct copy of the S.D.N.Y. Docket Transferring Case No. 23-cv-5972 from U.S. District Court S.D.N.Y. to the U.S. Bankruptcy Court, S.D.N.Y. is annexed hereto as Exhibit "5"). Because Plaintiff's counsel is

3

registered to receive filing notices for the aforementioned Bankruptcy action, Plaintiff's counsel received the initial notices from Bankruptcy Court, and upon further investigation, learned that Defendant had filed a Notice of Removal to the Southern District of New York. Had Plaintiff not been registered for the Diocese's bankruptcy docket filing notifications—which is an entirely different docket/case from the one the Notice of Removal was originally filed on and the one it was subsequently transferred to—Plaintiff would have never received notice of Defendant Holy Name of Mary's filing of the Notice of Removal.

Further, in its Notice of Removal, Defendant stated that subject matter jurisdiction exists because "the claims are 'related to' the…chapter 11 case *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y.)." *See* Exhibit 1 at ¶ 8. Defendant argues in favor of subject matter jurisdiction because "[p]rosecution of the State Court Actions therefore threatens to (1) expose the Debtor's estate to claims for indemnity or contribution by the Defendant; (2) deprive the Debtor's estate of proceeds of its shared insurance policies; and (3) create a risk of res judicata or collateral estoppel with respect to the Proof of Claim." *See id*. However, not only has Plaintiff not made any claim against the Diocese in this action, but all Defendant Holy Name of Mary's claims were also explicitly rejected by Judge Glenn. As set forth below, the relationship between the Diocese and Defendant Holy Name of Mary is not sufficient to support removal of this case to federal court.

The legal standards for mandatory or permissive abstention or equitable remand all include multi-factor tests for the Court to consider, but the ultimate decision comes down to two issues: the potential impact of the State Court Action on the bankruptcy case and whether state court is a more appropriate venue for the State Court Action. These characteristics and others support both mandatory and permissive abstention and/or equitable remand.

As such, 28 U.S.C. § 1334(b) does not provide this Court with either jurisdiction over Plaintiff, or this action.

Finally, Defendant's attempt to remove this action to federal court was procedurally infirm. 28 U.S.C. § 1446(d) mandated Defendant to promptly provide written notice to Plaintiff as well

4

as the state court following the filing of its Notice of Removal. To date, Defendant has done neither. This alone justifies remand of this action back to the state court.

## ARGUMENT

### I. The Court is Required to Abstain[1]

1. "Mandatory abstention" is governed by Section 1334(c)(2). Federal courts must abstain in favor of the state court where, as here: (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) 28 U.S.C. § 1334 provides the sole basis for federal jurisdiction; (5) the action was commenced in state court; and (6) the action can be timely adjudicated in state court.[2]

2. Factor six is the only factor that can be disputed here.[3] To determine whether a case can be "timely adjudicated in state court," courts in this Circuit consider four factors: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate."[4] However, weighing the *Parmalot* factors "is not as simple as asking 'whether an action could be adjudicated most quickly in state court," courts must instead determine whether allowing the actions to proceed in

---

[1] Non-core proceedings under Section 157(b)(2)(B) (i.e. liquidation of personal injury tort or wrongful death claims **against the estate** are not subject to Section 1334(c)(2)'s mandatory abstention provisions pursuant to 28 U.S.C. § 157(b)(4). Since the State Court Action is not a claim against the estate, the section 157(b)(4) exception to mandatory abstention is inapplicable.

[2] *Fried v. Lehman Bros. Real Estate Assocs. Ill, L.P.*, 496 B.R. 706, 711 (Bankr. S.D.N.Y. 2013) (mandatory abstention warranted for complaint based wholly on state law, even though defendants had filed contingent claims for indemnification against debtor); *Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*, 337 B.R. 22, 26 (S.D.N.Y. 2005) (holding "the Court must apply mandatory abstention and remand the action to state court").

[3] Although the Second Circuit has not decided the issue, multiple district courts and bankruptcy courts have held the removing defendant bears the burden on factors regarding timely adjudication. *Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-00787 (HG) (MMH), 2022 U.S. Dist. LEXIS 184214, at *16 (E.D.N.Y. Oct. 7, 2022) (citations omitted).

[4] *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011).

state court will delay the bankruptcy proceeding.[5]

3. Here, following significant briefing and a two-day evidentiary hearing, Judge Glenn has already ruled in the Diocese of Rockville Centre's bankruptcy case that the threats the Defendants identify allegedly posed by the State Court Action are illusory. Specifically, Judge Glenn ruled that (1) the Diocese failed to "articulate any scenarios leading to indemnification";[6] (2) insurance is an asset of the estate and the Defendants must seek relief from the automatic stay, which they have not done, prior to accessing any shared insurance policies;[7] and (3) the Diocese failed to prove any threat posed by the State Court Actions of inconsistent rulings or *res judicata*.[8]

4. Even if the State Court Action could conceivably impact the bankruptcy proceedings, the bankruptcy is not on the verge of a resolution that would be disrupted by the State Court Actions. In January and February 2023, the Committee of Unsecured Creditors (the "Committee") and the Debtor both filed proposed plans of reorganization.[9] No party has filed a motion for approval of its disclosure statement or made any efforts to move forward with its plan. In March 2023, the Committee filed a motion to dismiss the bankruptcy case.[10] Following a two-day evidentiary hearing on July 10 and 11, Judge Glenn has taken the motion to dismiss under advisement.

5. Finally, there is no indication that the State Court Action would be resolved in a timelier fashion in Federal Bankruptcy or District Court. Additionally, certain state court judges have developed specialized knowledge for addressing cases under the CVA. New York State Courts implemented new procedures for the efficient and expedient handling of claims revived

---

[5] *Libertas Funding*, 2022 U.S. Dist. LEXIS 184214, at *16–17 (citations omitted).

[6] *Roman Catholic Diocese of Rockville Centre, New York v. Ark320 Doe, et al.*, Adv. Pro. No. 20-01226 (MG), Doc. No. 202, p. 55

[7] *Id.* at 49 - 53

[8] *Id.* at 40.

[9] *See Chapter 11 Plan of Reorganization for the Roman Catholic Diocese of Rockville Centre*, Case No. 20-12345 (MG), Doc. No. 1614 (Jan. 27, 2023); *First Amended Chapter 11 Plan Proposed by the Official Committee of Unsecured Creditors*, Case No. 20-12345 (MG), Doc. No. 1643 (Feb. 3, 2023).

[10] *Motion of the Official Committee of Unsecured Creditors to Dismiss Chapter 11 Case*, Case No. 20-12345 (MG), Doc. No. 1912.

under the CVA, including: the assignment of all CVA cases to "dedicated part(s) of Supreme Court in each Judicial District"; mandated training in "subjects related to sexual assault and the sexual abuse of minors" for these justices, judicial hearing officers, referees, and ADR neutrals overseeing CVA cases; and a recommended pretrial schedule for each CVA case.[11] The schedule proposes an accelerated timetable at every phase of the cases: one year to complete discovery, ninety days to file dispositive motions after the completion of discovery, and trial within sixty days of note of issue or decision on dispositive motions.[12] Thus the judges assigned to the State Court Action have received special training related to the actions and have been designated as specialized parts of the Supreme Court for handling such cases. Further, given the significant number of lawsuits filed under the CVA, those designated judges are also now highly familiar with the relevant legal issues likely to arise in the State Court Action.

6.       Therefore, the state courts can timely adjudicate the State Court Action. New York courts have issued a specific directive that CVA cases, such as the State Court Action, must be adjudicated on an expedited schedule by judges and staff with specialized training in handling such matters and such adjudication, even if it were longer than it might take in federal court, will have no conceivable impact on the bankruptcy proceedings, which itself may be dismissed in the coming days or weeks. Thus, Plaintiff respectfully request the Court find mandatory abstention applicable to the State Court Action.

## II.     Court Should Remand the State Court Action Under the Doctrines of Permissive Abstention and Equitable Remand

7.       If mandatory abstention does not apply, the Court should exercise its discretion to abstain or remand. Under Section 1334(c)(1)—permissive abstention—a court may abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." The permissive abstention factors courts consider are:

---

[11] NY CLS Unif Rules, Civil Cts § 202.72 (1)–(3).

[12] *Id.*

(1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [sic] [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.[13]

8.      The criteria for assessing equitable remand under 28 U.S.C. § 1452(b) and permissive abstention under 28 U.S.C. § 1334(c)(1) "are essentially the same and are often analyzed together."[14] Nevertheless, when considering equitable remand, courts typically identify a slightly smaller list of relevant factors than when considering permissive abstention:

(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.[15]

9.      The permissive abstention and equitable remand factors overwhelmingly favor remand. Section I above discusses the State Court Action's lack of relatedness to or effect on the bankruptcy proceedings, and why factors 1 (both tests), 5 (equitable remand); and 6 and 7 (permissive abstention) all weigh in favor of remand.[16]

---

[13] *Libertas Funding*, 2022 U.S. Dist. LEXIS 184214, at *7-8; *Tilton v. MBIA Inc.*, 620 B.R. 707, 716-17 (S.D.N.Y. 2020) (citing *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011).

[14] *Worldview Ent. Holdings, Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019).

[15] *Libertas Funding*, 2022 U.S. Dist. LEXIS 184214, at *8-9 .

[16] *See In re George Wash. Bridge Bus Station Dev. Venture LLC,* Nos. 19-13196 (DSJ), 21-1200 (DSJ), 2022 Bankr. LEXIS 1488 (Bankr. S.D.N.Y. May 25, 2022) ("[T]he considerations most pertinent to this decision are that the dispute is entirely among non-debtor parties; the [c]omplaint asserts only state-law claims; there is no damage claim against the estate . . .; the lawsuit is not likely to have any practical impact on the bankruptcy case; and the claims advanced [are] . . . well within the expertise and capabilities of New York's state-court system."); *Universal Well Servs. v. Avoca Nat. Gas Storage*, 222 B.R. 26, 32 (W.D.N.Y. 1998) (permissive abstention appropriate where "all of the remaining parties are

10. Factors 2 (both test), 3 (both tests), 4 (equitable remand), and 4, 8, and 12 (permissive abstention) all weigh in favor of remand because the State Court Action was commenced in state court, involve solely non-debtor parties and are purely state law claims. "[T]he predominance of state law issues has been described as one of the more compelling reasons for abstaining."[17]

11. New York state courts also have a particular interest in CVA claims. Previous New York federal courts presented with motions to remand cases brought under the CVA and removed solely based on "related to" jurisdiction under 28 U.S.C. § 1334(b) have ruled that "[p]rinciples of comity and the local significance of the litigation under the [Child Victims Act] to the New York state courts weigh substantially in favor of returning the matter to those courts.'"[18] Both the *LG 37 Doe* and *Sokala* courts also found that removal would deny the plaintiffs their choice of forum and therefore would prejudice them.[19]

12. Finally, as addressed in Section I, the state court judges assigned to the State Court Action have undergone specific training on how to handle cases involving survivors of child sexual abuse and have become specialized in such cases and the relevant legal issues after handling many similar cases over the past four years. The state courts also have extensive experience handling jury trials in CVA actions, thus factor 6 (equitable remand) and 11 (permissive abstention) weigh in favor of remand.[20]

---

non-debtors, the plaintiffs' claims are based exclusively on state law, the actions are only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy estate"); *Sealink Funding Ltd. v. Bear Stearns & Co. Inc.,* 2012 WL 4794450, at *4 (S.D.N.Y. Oct. 9, 2012) ("Even if this action did have the potential to affect the Bankrupt Originators' bankruptcies, any effect would be so attenuated and tangential that the Court would exercise its discretion to abstain from deciding the issue pursuant to 28 U.S.C. § 1334(c)(1).")

[17] *Libertas Funding,* 2022 U.S. Dist. LEXIS 184214, at *18.

[18] *LG 37 Doe v. Nail*, No. 1:20-cv-00217-FPG, 2021 U.S. Dist. LEXIS 9838, at *14 (W.D.N.Y. Jan. 19, 2021) (quoting *Sokola v. Weinstein*, 20-cv-0925 (LJL), 2020 U.S. Dist. LEXIS 116799, 2020 WL 3605578, at *17 (S.D.N.Y. July 2, 2020)).

[19] *Id.*

[20] *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 U.S. Dist. LEXIS 8168 (S.D.N.Y. May 6, 2004 ("Under well-established constitutional and statutory authority, the [] action, if removed, must be tried before a jury in a district court and not the bankruptcy court" thus "the imperative of [plaintiff's] right to a trial by jury, and the effect that protecting that right would have on the interests of efficiency and consistency . . . argues in favor of returning these cases to the state courts.").

### III. The Court Should Remand This Matter Back To State Court Because Defendant's Attempt to Remove It Was Procedurally Defective

13. Remand is also warranted in this case due the Defendant's procedurally defective attempt to remove. The relevant removal statute states:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C.A. § 1446(d).

14. Additionally,

> The Supreme Court has held that statutory procedures for removal are to be strictly construed, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and we have held that out of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolv[e] any doubts against removability.

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotations omitted).

15. Failure to give prompt written notice of removal to an adverse party, as is required by the removal statute, justifies remand. *Jackson v. City of New Orleans*, 1995 WL 599046, at *2 (E.D. La. Oct. 10, 1995). As does the failure to provide notice to the state court. *Id.*

16. Here, even though it filed its notice of removal in the District Court on July 12, 2023, to date, Defendant has failed to provide any notice, written or otherwise, to Plaintiff. Nor has it provided notice to the state court. In fact, but for a notice in an unrelated filing that prompted Plaintiff to investigate further, Plaintiff still would have no knowledge that this case had been removed. The ongoing failure to provide these notices independently warrants remand.[21]

---

[21] It is likely that upon learning of these procedural defects, Defendant will serve written notices of removal on Plaintiff and the state court. However, by any definition of the word "prompt," it cannot be reasonably argued that such service occurring thirty days or more after the filing of the notice of removal in the District Court was prompt as contemplated by the removal statute.

10

17. In addition, the failure to provide these notices is not without a prejudicial effect. Defendant Catholic Guardians filed a Motion to Dismiss Plaintiff's Complaint on the State Court Action's docket on August 1, 2023. Because no notice of removal has been filed on the State Court Action's docket—which would automatically stay the state court proceedings, including any motion briefings—counsel for Catholic Guardians indicated that they believed the State Court Action was not stayed, as nothing had been filed on the state court docket indicating as such (*see* Declaration of Arielle Z. Feldshon, Esq. ¶ 1 annexed hereto as Exhibit "6"). Thus, Defendant's procedural infirmity will force Plaintiff to litigate this action simultaneously in two different venues.

## CONCLUSION

For the above and foregoing reasons, this Court should grant the Motion to Remand.

Dated: New York, NY
August 11, 2023

**THE ZAKLIN LAW FIRM, P.C.**

*Elizabeth A. Cate*
Elizabeth A. Cate, Esq.
10 Times Square
1441 Broadway, Suite 3147
New York City, NY 10018
Tel: 858-259-3011
Email: Elizabeth@zalkin.com
*Attorney(s) for Plaintiff Melanie York*